# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2026

Lyle W. Cayce
Clerk

No. 25-30255

Caleb Breaux,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-275

_____

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Caleb Breaux, who assisted in the clean-up after the *Deepwater Horizon* disaster, was diagnosed with lymphoma in 2020 and several associated conditions in 2023. In 2022, he sued the defendants pursuant to the *Deepwater Horizon* multi-district litigation's master settlement agreement, which allows certain clean-up workers to recover damages on

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

medical conditions diagnosed after the settlement. *See Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, at 63–70, *In re Oil Spill by the Oil Rig "Deepwater Horizon"*, 295 F.R.D. 112 (E.D. La. 2013) (No. 10-MD-02179), Dkt. No. 6427-1. Under the district court's first scheduling order, Breaux had until December 22, 2022, to provide any expert reports. Nearly two years later, he had not done so.

After this generous extension, the district court declined to continue the deadline further. Instead, the district court ruled on the defendants' motion for summary judgment, filed after the deadline for expert reports. Breaux's response to this motion relied solely on his arguments for a stay and offered no competent summary-judgment evidence. The district court therefore granted summary judgment in favor of the defendants. Breaux argues on appeal only that the stay should have been granted. He does not dispute that, absent a stay, summary judgment was proper.

The parties dispute whether we should review the decision to deny a stay *de novo*, as an interpretation of the settlement agreement, or for abuse of discretion, as a decision not to amend the scheduling order. *Compare In re Deepwater Horizon*, 785 F.3d 1003, 1011 (5th Cir. 2015) (applying *de novo* review to interpretation of settlement agreements), *with Newsome v. Int'l Paper Co.*, 123 F.4th 754, 766–67 (5th Cir. 2024) (applying abuse of discretion review to denial of motion to designate additional expert after deadline). Breaux loses under either standard.

The district court's decision was not inconsistent with the settlement agreement. While that agreement lays out procedures for bringing claims, it does not require courts to delay ongoing litigation

indefinitely.  The district court was well within its rights to manage its docket.  *See In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (noting the authority of district courts to manage their dockets).

And the district court did not err in doing so.  It allowed Breaux an extra twenty-three months during which to find an expert and warned that the extended deadline was final absent "a sufficient showing of good cause," which Breaux did not provide.  "The district court established a reasonable deadline for designating expert witnesses, and we are loath to interfere with the court's enforcement of that order."  *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991).

Breaux's case against summary judgment rested on the need for a stay and not any other evidence or legal argument.  The district court properly denied that stay.  We AFFIRM.